UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ )
                                    )
JAMES DAVID KARNATH,                )
                                    )   No. C08-1002RSM-BAT
             Plaintiff,             )
                                    )
     v.                             )
                                    )   ORDER
TRACY DANIELS, *et al.*,            )
                                    )
             Defendants.            )
                                    )
_____ )

       This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a motion seeking to have the Honorable Brian A. Tsuchida, United States Magistrate Judge, removed from this case. Dkt. # 33. Judge Tsuchida has declined to recuse himself voluntarily. Dkt. # 42. Plaintiff's motion is therefore ripe for review by this Court.

       Section 455 of title 28 of the United States Code governs the disqualification of a magistrate judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

ORDER

> shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff argues that Judge Tsuchida improperly rejected his request for preliminary injunctive relief. Objections to a Magistrate Judge's decisions are properly raised through an appeal to the presiding district judge, not a motion to recuse. Plaintiff neither alleges that Judge Tsuchida's decision was the result of bias or prejudice, nor identifies any extrajudicial source of the prejudice. Where, as in this case, the only evidence of bias presented is the judge's substantive and procedural decisions, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).

Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias. Plaintiff's request to remove Judge Tsuchida from this matter is DENIED.

ORDER -2-

|   |   |
|---|---|
| 1 |   |
| 2 | Dated this 24th day of November, 2008. |
| 3 |   |
| 4 | *Robert S. Lasnik* |
| 5 | Robert S. Lasnik<br>Chief Judge, United States District Court |

ORDER -3-