UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES KARNATH,

    Plaintiff,

v.

TRACY DANIELS,

    Defendant.

CASE NO. C08-1002-RSM-BAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff David Karnath is a Washington State prisoner who is currently in custody at the Stafford Creek Corrections Center in Aberdeen Washington. Plaintiff has filed a "Motion for Writ of Order of Transfer Back to W.S.R. from W.S.P." This motion is construed as a motion for preliminary injunctive relief. This Court, having reviewed plaintiff's motion, defendant's response thereto, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

## DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary

REPORT AND RECOMMENDATION
PAGE - 1

injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

At the time plaintiff filed the instant civil rights action, he was being housed at the Monroe Corrections Complex - Washington State Reformatory Unit ("WSRU") in Monroe, Washington. He was subsequently transferred to the Washington State Penitentiary ("WSP") in Walla Walla, Washington. Plaintiff filed his motion for preliminary injunctive relief following his transfer to WSP. He seeks, by way of the instant motion, a transfer from WSP back to the WSRU general population. Plaintiff asserts in his motion that there was no justification for his transfer to WSP and that the purpose of the transfer was to block his access to the courts. In his memorandum in support of his motion for preliminary injunctive relief, plaintiff asserts that he had a liberty interest in remaining at WSRU because his transfer to WSP precludes him from practicing his religion as he did at WSRU and it precludes him from litigating a pending personal restraint petition in the state courts as well as the instant civil rights action. Plaintiff also appears to assert in his memorandum

REPORT AND RECOMMENDATION
PAGE - 2

that his transfer back to WSRU general population is necessary so that he can receive treatment for a chronic medical condition which cannot be treated at WSP.

Defendant, in his response to plaintiff's motion, argues that plaintiff's request for preliminary injunctive relief is moot because he is no longer housed at the institution where the defendant works or at the institution he wants to be transferred from. Defendant also argues that the motion should be stricken because it raises claims not raised by plaintiff in his civil rights complaint. Finally, defendant argues that the motion should be denied because plaintiff has not met the burden required for a preliminary injunction.

It is clear from the record that plaintiff is now incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. Thus, his motion seeking to be transferred out of WSP appears moot. Even assuming plaintiff is still seeking a transfer back to WSRU, he offers no evidence that the sole defendant in this lawsuit, Tracy Daniels, a WSRU staff member, has any ability to direct plaintiff's housing assignment nor does plaintiff offer any evidence that he will suffer irreparable harm if the requested relief is not granted.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's motion for preliminary injunctive relief, be denied. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3