UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES KARNATH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C08-1002-RSM-BAT |
| | ) | |
| v. | ) | |
| | ) | |
| TRACY DANIELS, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | PENDING MOTIONS |
| Defendant. | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff has filed two motions which are currently awaiting review by this Court. Plaintiff has filed a motion entitled "Motion for Recognition of Sovereign American Status/Sovereign Immunity" in which he requests that the Court recognize his status as a legally registered sovereign who is entitled to immunity from arrest, detention, and incarceration. Plaintiff has also filed a motion entitled "Motion for Writ of Habeas Corpus, In Camera Interview, Ruling on Legal Status" in which he requests that the court immediately issue a writ of habeas corpus directing that he be transported to court for an evidentiary hearing.

The Court, having reviewed plaintiff's two pending motions, does hereby find and ORDER as follows:

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS

1    (1)    Plaintiff "Motion for Recognition of Sovereign American Status/Sovereign Immunity" (Dkt. No. 30) is DENIED. Plaintiff, by way of the instant motion, seeks release from his current detention based upon his sovereign immunity. (*Id.*) However, plaintiff fails to make clear what relevance the issues raised in his motion have to the matter currently pending before the Court. This is a civil rights action in which plaintiff alleges that Tracy Daniels, an employee at the Washington State Reformatory, violated plaintiff's constitutional rights when he assaulted plaintiff and then retaliated against plaintiff for filing a grievance against him. Mr. Daniels' alleged violation of plaintiff's constitutional rights, even if ultimately established by plaintiff, would not entitle plaintiff to release from custody.

Moreover, plaintiff's request for release from confinement is not cognizable in an action brought under § 1983. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). If plaintiff wishes to challenge the validity of his current confinement, he may file a separate federal habeas action under § 2254 once he has exhausted his claims in the state courts. Plaintiff may not incorporate his federal habeas claims into this civil rights action.

(2)    Plaintiff's "Motion for Writ of Habeas Corpus, In Camera Interview, Ruling on Legal Status" (Dkt. No. 41) is also DENIED. Plaintiff appears to seek a writ of habeas corpus so that he may be transported to this Court for an evidentiary hearing. However, there is currently no evidentiary hearing scheduled in this matter and plaintiff fails to make clear why one might be necessary at this juncture.

(3)    The Court also notes that plaintiff apparently failed to serve copies of either of his motions on counsel for defendants as required by Local Rule CR 7(b)(1). Plaintiff is advised that

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS

any future document submitted to the Court for consideration which is not accompanied by proof that it has been served on counsel for defendants will be immediately stricken from the record.

DATED this 1st day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS