UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES KARNATH,

    Plaintiff,

v.

TRACY DANIELS,

    Defendant.

CASE NO. C08-1002-RSM-BAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff David Karnath has filed a civil rights action under 42 U.S.C. § 1983 in which he alleges that he was assaulted in November 2007 by defendant Tracy Daniels while seated in defendant Daniels' office. He appears to assert that he suffered a broken wrist as a result of the alleged assault.[1] Plaintiff contends that defendant Daniels' conduct violated his rights under the Eighth Amendment. He seeks injunctive relief but no monetary damages.

Plaintiff has filed a motion for summary judgment and what appears to be a motion for preliminary injunctive relief, both of which are currently pending before the Court. Defendant has

---

[1] Plaintiff also alleges in his complaint that he has been retaliated against for filing a grievance against defendant Daniels, that his medical records have been altered, and that his legal papers have been taken away. However, plaintiff does not clearly attribute this additional misconduct to defendant Daniels nor does he specifically identify any other individuals whom he believes to be responsible for the conduct.

REPORT AND RECOMMENDATION
PAGE - 1

responded to both motions. The Court, having reviewed plaintiff's motions, and the balance of the record, concludes that both of plaintiff's motions should be denied.

## DISCUSSION

### Motion for Summary Judgment

On November 28, 2008, plaintiff submitted to the Court a document which he titled "Eternal Summary Judgment" together with some supporting materials. Plaintiff's motion is a one-page document which cites to Bible verses but does not reference in any way his claims against defendant Daniels. Likewise, the supporting documents submitted by plaintiff do not specifically reference his claims against defendant Daniels.

Federal Rules of Civil Procedure 56(a) provides that "[a] party claiming relief may move . . . for summary judgment on all or part of the claim." Rule 56(c) provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Because plaintiff does not argue in his motion for summary judgment that there is no genuine issue as to any material fact or that he is entitled to judgment as a matter of law with respect to his claims against defendant Daniels, the motion fails on its face as a motion for summary judgment. Accordingly, this Court recommends that plaintiff's motion for summary judgment be denied.

### Motion for Preliminary Injunctive Relief

On January 20, 2009, plaintiff filed a "Motion for Emergency Relief" in which he asserts that legal mail which was processed and approved by Department of Corrections officers at the Stafford Creek Corrections Center ("SCCC") on December 18, 2008, December 20, 2008, and December 21, 2008, was subsequently blocked by SCCC Custody Unit Supervisor Scott and Corrections Counselor Goodenough. The Court construes plaintiff's motion as one for preliminary injunctive relief.

The basic function of a preliminary injunction is to preserve the *status quo ante litem*

pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Though not clearly stated by plaintiff in his motion, he presumably seeks to enjoin SCCC staff members from blocking his legal mail. It is clear from the record that plaintiff is now incarcerated at the Monroe Correctional Complex. Thus, his motion seeking to enjoin the actions of SCCC staff members appears to be moot. Moreover, because the SCCC staff members identified by plaintiff are not defendants in this action, this Court has no jurisdiction to enjoin their conduct. Accordingly, this Court recommends that plaintiff's motion for preliminary injunctive relief also be denied.

//

//

REPORT AND RECOMMENDATION
PAGE - 3

## CONCLUSION

Based upon the foregoing, this Court recommends that plaintiff's motions for summary judgment and for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of March, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge