1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES KARNATH,                          )
                                        )
            Plaintiff,                  )        CASE NO.  C08-1002-RSM-BAT
                                        )
    v.                                  )
                                        )
TRACY DANIELS,                          )        **REPORT AND RECOMMENDATION**
                                        )
            Defendant.                  )
_____)

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff James Karnath has filed a civil rights action under 42 U.S.C. § 1983. Plaintiff

alleges in his amended complaint[1] that defendant Tracy Daniels ordered, and participated in, an

assault on plaintiff in November 2007. He contends that he suffered irreparable physical harm as a

result of the assault; *i.e.*, broken wrists, and that the assault violated his Eighth Amendment right to

be free from cruel and unusual punishment.[2] Plaintiff seeks injunctive relief, but no monetary

damages.

_____

[1] The Court declined to serve plaintiff's original complaint, but granted plaintiff
leave to amend. (*See* Dkt. No. 13.) It is plaintiff's amended complaint, filed on July 28,
2008, which is currently before the Court.

[2] As will be explained in more detail below, plaintiff's amended complaint contains
additional allegations. However, plaintiff does not clearly attribute this additional
misconduct to defendant Daniels nor does he specifically identify any other individuals
whom he believes to be responsible for the misconduct.

REPORT AND RECOMMENDATION
PAGE - 1

1          Defendant Daniels has now filed a motion to dismiss this action pursuant to Fed. R. Civ. P.

2     12(c) in which he argues that plaintiff lacks standing to bring his claim.  Plaintiff has filed a

3     response to defendant's motion, and defendant has filed a reply.  The briefing is now complete and

4     defendant's motion is ripe for review.  The Court, having reviewed defendant's motion to dismiss,

5     and the balance of the record, concludes that defendant's motion to dismiss should be granted and

6     this action should be dismissed with prejudice as to defendant Daniels.

7                                              **DISCUSSION**

8          Plaintiff alleges in his amended complaint that on November 26, 2007, defendant Tracy

9     Daniels ordered, and personally participated in, a brutal physical assault on plaintiff.  (Dkt. No. 16 at

10    3.)  Plaintiff contends that the assault was unprovoked, that the use of force was extreme, and that

11    defendant Daniels' actions it caused him severe pain and irreparable injury as evidenced by medical

12    tests showing a broken wrist.  (*Id*.)

13         Plaintiff also alleges in his amended complaint that he has "suffered a campaign of

14    harrassment, re-assaults, unjust infractions, and ad-seg placements, and the wanton re-infliction of

15    pain" in retaliation for filing a grievance against defendant Daniels.  (*Id*.)  A part of this retaliatory

16    conduct, according to plaintiff, is that wrist splints prescribed by the medical department to support

17    his injured wrists were taken away and that steel cuffs were forced directly onto his injured, un-

18    splinted wrists.  (*Id*.)  Plaintiff does not attribute any of this retaliatory conduct to defendant Daniels,

19    the lone defendant named in this action.

20         Plaintiff further alleges in his amended complaint that his medical records have been altered

21    and that his legal papers have been taken away and held for over two months.  (*Id*.)  Finally, plaintiff

22    alleges that he was transferred to the Washington State Penitentiary ("WSP") "as further retaliation"

23    and that since his transfer to WSP, he has been cuffed daily on his bare wrists, he has been denied

24    adequate medical care, his legal work has been withheld, and his mail has been blocked.  (*Id*.)

25    Again, plaintiff does not attribute any of this alleged misconduct to defendant Daniels.

26

REPORT AND RECOMMENDATION
PAGE - 2

1    Plaintiff does not request any monetary damages in his amended complaint, he requests only

2    injunctive relief. Specifically, plaintiff seeks an order directing that: (1) he be returned to the

3    general population at the Washington State Reformatory ("WSR"); (2) his medical wrist splints be

4    returned; (3) his legal papers be returned and he be given full law library access at WSR; (4) his

5    religious right to freely attend chapel serves be reinstated; (5) future ad-seg and IMU placements be

6    reviewed; and (6) the use of steel handcuffs be prohibited. (Dkt. No. 16 at 4.)

7        Defendant Daniels argues in his motion to dismiss[3] that plaintiff lacks standing to bring his

8    claim. Defendant notes that plaintiff is seeking only injunctive relief and that he does not request

9    any specific relief from defendant Daniels.

10       "Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold

11   requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

12   *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The "case or controversy" requirement

13   restricts federal jurisdiction to those cases where the plaintiff can demonstrate that "he has sustained

14   or is immediately in danger of sustaining some direct injury as the result of the challenged official

15   conduct and the injury or threat of injury must be both real and immediate." *Id*. at 101-02 (internal

16   quotations omitted.). "Past exposure to illegal conduct does not in itself show a present case or

17   controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse

18   effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

19

20       The illegal conduct which plaintiff attributes to defendant Daniels is alleged to have occurred

21   in November 2007, several months before plaintiff filed the instant action. Plaintiff does not seek

22   damages from defendant Daniels but, instead, seeks various forms of injunctive relief. As plaintiff

23

24       [3] Defendant seeks a judgment on the pleadings pursuant to Rule 12(c) of the Federal
     Rules of Civil Procedure. "A judgment on the pleadings is properly granted when, taking all
25   allegations in the pleading as true, the moving party is entitled to judgment as a matter of
     law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526 (9th Cir.
26   1997) (quoting *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)).

REPORT AND RECOMMENDATION
PAGE - 3

seeks only injunctive relief, he must demonstrate continuing adverse effects from the alleged illegal conduct in order to have standing to pursue his claim against defendant Daniels. Of the various requests for injunctive relief, only two bear any relation to the injury allegedly inflicted by defendant Daniels; *i.e.,* plaintiff's request for an order directing that his medical wrist splints be returned and plaintiff's request that the use of steel handcuffs on his damaged wrists be prohibited. However, plaintiff alleges no facts in his amended complaint suggesting that defendant Daniels was the individual responsible for depriving him of his wrist splints or for using steel handcuffs on his injured wrists. Accordingly, this Court must concluded that plaintiff lacked standing to pursue his claims of injunctive relief against defendant Daniels in the first instance.

Assuming that defendant Daniels was the individual responsible for denying plaintiff access to the wrist splints and for refusing to use modified restraints on plaintiff at the time plaintiff originally filed this action, the record makes clear that plaintiff is no longer incarcerated at the institution where defendant Daniels is employed. Plaintiff is currently housed at the Monroe Corrections Complex - Special Offenders Unit and defendant Daniels is currently employed at the Monroe Corrections Complex - Minimum Security Unit. Thus, to the extent plaintiff had standing to seek injunctive relief against defendant Daniels at the time the action was filed, any such request is now moot.

## CONCLUSION

Based upon the foregoing, this Court recommends that defendant's motion to dismiss be granted, and that plaintiff's amended complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of June, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4